IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FRANK BRETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 12-706-GMS |
| | ) |
| CHRIS FRANSON WRIGHT, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

The plaintiff, Frank Brett ("Brett"), filed this lawsuit on June 4, 2012. (D.I. 2.) He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 8.) The court now proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915.

**I. BACKGROUND**

Brett, who resides in Philadelphia, Pennsylvania, alleges discrimination by reason of religion and marriage pursuant to 42 U.S.C. § 2000e-3(a) of Title VII of the Civil Rights Act of 1964. Brett alleges that defendants have conspired to "steal" his civil rights and ruin his marriage since either 1999 or 2007. In addition, he refers to automobile accidents that occurred on March 23, 2012 and April 1, 2012.[1] Brett also alleges that he overheard the defendant Bill, tell his fellow employee to delete one of Brett's friends from the computer. (D.I. 10.) Brett moves to add additional defendants for slander because, allegedly all of them, at different times, called him gay, retarded, and Forrest Gump. (*See* D.I. 7, 11.) Brett seeks injunctive relief.

---

[1] The same claims were raised in a complaint filed by Brett in the United States District Court for the Eastern District of Pennsylvania. *See Brett v. Brenen*, Civ. No. 12-2964-MAM (E.D. Pa.) The complaint was dismissed as frivolous on June 1, 2012 and three days later Brett filed the instant complaint.

## II. STANDARD OF REVIEW

This court must dismiss, at the earliest practicable time, certain *in forma pauperis* actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Brett proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the court must grant Brett leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* at 678. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that Brett has a "plausible claim for relief."[2] *Id.* at 211. In other words, the complaint must do more than allege Brett's entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 678 (quoting Fed. R. Civ. P. 8(a)(2)).

## III. DISCUSSION

Brett alleges discriminatory retaliation and slander. After thoroughly reviewing his claims and proposed amendments, the court finds the allegations do not adequately plead the

---

[2] A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

3

elements of a Title VII retaliation claim,[3] defamation,[4] or slander.[5] In addition, the court draws on its judicial experience and common sense and finds that the allegations are not plausible on their face. Finally, the United States District Court for the Eastern District of Pennsylvania dismissed as frivolous a similar complaint that Brett filed against two of the same defendants (i.e., Joe Miller and Unknown Oriental Woman) as consisting of entirely incomprehensible claims. *See Brett v. Brenen*, Civ. No. 12-2964-MAM (E.D. Pa. June 1, 2012).

Because the court finds the allegations the complaint wholly lacking in both terms of credibility and rationality, the complaint will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). In light of the nature of Brett's claims, the court finds that amendment would be futile. *See Alston v. Parker*, 363 F.3d 229 (3d Cir. 2004); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002); *Borelli v. City of Reading*, 532 F.2d 950, 951-52 (3d Cir. 1976).

---

[3]Section 2000e-3(a) provides that, "it shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because [the employee] has opposed any practice made an unlawful employment practice under this Subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this Subchapter." In order to state a claim for retaliation, Brett must first establish a prima facie case. To establish a prima facie case under Title VII, Brett must show: (1) he engaged in conduct protected by Title VII; (2) an adverse employment action was taken against him; and (3) there was a causal connection between his participation in the protected activity and the adverse employment action. *Weiler v. R & T Mech., Inc.*, 255 F. App'x 665, 667-68 (3d Cir. 2007) (not published) (citing *Moore v. City of Philadelphia*, 461 F.3d 331, 341-42 (3d Cir. 2006)).

[4]Under Delaware law, generally, the elements of defamation are: (1) a defamatory communication; (2) publication; (3) the communication refers to the plaintiff; (4) a third party's understanding of the communication's defamatory character; and (5) injury. *Bickling v. Kent Gen. Hosp., Inc.*, 872 F.Supp. 1299, 1307 (D. Del. 1994).

[5]Oral defamation. *Spence v. Funk*, 396 A.2d 967, 970 (Del. 1978).

4

## IV. CONCLUSION

For the above reasons, the court will deny as moot all pending motions. (D.I. 5, 6, 7, 11, 12, 13.) The court will dismiss the complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). Amendment of the complaint would be futile. *See Alston v. Parker*, 363 F.3d 229 (3d Cir. 2004); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002); *Borelli v. City of Reading*, 532 F.2d 950, 951-52 (3d Cir. 1976).

An appropriate order will be entered.

_Sept 17_, 2012
Wilmington, Delaware

CHIEF, UNITED STATES DISTRICT JUDGE